UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-81106-CIV-MIDDLEBROOKS/JOHNSON

POTENE DUPERVIL, on his own behalf and
others similarly situated,

      Plaintiff,

vs.

ASPLUNDH CONSTRUCTION, CORP.,

      Defendant.
_____/



## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Compel Better Response to Interrogatory No. 13 **[DE #12]**, filed with this Court on March 14, 2005. The Court has reviewed the record and is otherwise fully apprised in the premises.

Plaintiff seeks to compel a better response to Interrogatory No. 13 of his First Set of Interrogatories. Interrogatory No. 13 requests the identity of Defendant's employees who had similar duties to Plaintiff and were compensated similarly. (See Mot. at 1.) Defendant objected and refused to answer the interrogatory on the grounds that is it overly broad, not reasonably limited in time, geographically broad, irrelevant, and unlikely to lead to the discovery of admissible evidence. (See Mot. at 2; Def.'s Resp. at 2, n.1.)

Section 216(b) of the Fair Labor Standards Act provides that an action to recover unpaid overtime compensation may be maintained against an employer by any one or more employees "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §216(b). A person is not considered a member of an FLSA "collective action" and will not be

bound by its outcome unless that person files a written consent with the Court and "opts in" to the lawsuit. *See, id.* The Court has the power to supervise notice to potential plaintiffs of their ability to "opt-in" to an FLSA action once the Court finds that "there are other employees . . . who desire to 'opt-in' and who are 'similarly situated' with regard to their job requirements and with regard to their pay provisions." *Dybach v. State of Florida Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

Plaintiff is not presently before the Court seeking conditional certification or permission to give notice to other potential plaintiffs.[1] Before Plaintiff can seek said certification and notice, under *Dybach*, he will need to show the Court that some of the other similarly situated employees desire to opt-in as part of the suit. Thus, far from being irrelevant and unlikely to lead to the discovery of admissible evidence, Interrogatory 13 seeks to ascertain the names of Defendant's employees who performed a similar job and were compensated in a similar manner, (see Mot. at 1), presumably to determine if those similarly situated employees desire to opt-in and thereby make a showing under *Dybach*. (Pl.'s Reply at 1-2.) Such an approach seems logically sound and not otherwise undiscoverable. *See Tucker v. Labor Leasing, Inc.*, 155 F.R.D. 687, 689 (M.D. Fla. 1994); *see also Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).

Examining the specific wording of Interrogatory 13, the Court also believes the interrogatory is narrowly tailored. It only seeks information about employees who performed similar duties and who were "compensated in a manner similar to Plaintiff," (Id), as that wording

---

[1] Defendant argues that Plaintiff has failed to consider the issue "under the two-step process for establishing conditional certification." (Def.'s Resp. at 2.) Since Plaintiffs do not seek to establish conditional certification at this time, however, Defendant's argument is premature. Moreover, the two-step process to which Defendant refers, *see Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001), is merely a *recommendation* by the Eleventh Circuit, and not a requirement that the district courts approach the determination in one particular way. *Id.* at 1219.

2

is interpreted and understood by Defendant. Interrogatory 13 also limits the inquiry to employees satisfying this criteria within the statute of limitations period that Plaintiff believes is applicable. (Mot. at 1; Pl.'s Reply at 1.) Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Better Response to Interrogatory No. 13 **[DE #12]** is **GRANTED**. Defendant will provide a response to Interrogatory No. 13 of Plaintiff's First Set of Interrogatories **within five (5) days** of the date of entry of this Order.

DONE AND ORDERED in Chambers at West Palm Beach, Florida this 27 day of April, 2005.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             David P. Steffen, Esq.